**Ranjay Ritesh PRASAD, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**Nos. 05–71841, 05–74230.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Feb. 8, 2008.

Saad Ahmad, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Theresa M. Majkrzak, U.S. Department of Justice, Cleveland, OH, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Ranjay Ritesh Prasad, a native and citizen of Fiji, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and an order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's adverse credibility determination for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We review the BIA's denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review in No. 05–71841 and remand, and deny the petition for review in No. 05–74230.

The IJ was permitted to require corroborative evidence because the IJ did "not know what to believe." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000). However, the evidence required by the IJ must be easily available, material, and non-duplicative. *Id.* at 1091. We remand for the BIA to make a determination in the first instance of whether the corroborative evidence required by the IJ is easily available, material, and non-duplicative.

The BIA did not abuse its discretion by denying Prasad's motion to reopen because Prasad did not establish that he had a visa immediately available. *See INS v. Abudu*, 485 U.S. 94, 105–06, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (requiring alien to demonstrate prima facie eligibility for relief).

**PETITION FOR REVIEW NO. 05–71841 GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW NO. 05–74230 DENIED.**